UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANTOS MENDOZA A/K/A SANTOS
GERARDO MENDOZA CASTELLON                                                                PLAINTIFF

v.                                           Civil No. 4:16-cv-04029

BOOKING OFFICER JONES;
LIEUTENANT HEATH ROSS;
CAPTAIN GODBOLT; JAILER
TORPLER; JAILER BLAND;
JAILER FINCHER; JAILER MILLS;
JAILER STACY; JAILER MALONE;
JAILER ROBINSON; JAILER
HINSON; JAILER MCCMORES;
SERGEANT CATO; COMMISSARY
WORKER MAYS; and BOOKING
STAFF PINDERGRASS                                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Santos Mendoza a/k/a Santos Gerardo Mendoza Castellon, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 11, 2016. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is Plaintiff's failure to comply with a Court Order to file a legible supplement to his Amended Complaint (ECF No. 16) and failure to respond to an Order to show cause. ECF No. 18.

**BACKGROUND**

Plaintiff filed his Complaint on April 11, 2016. ECF No. 1. His application to proceed *in forma pauperis* was denied on July 11, 2016. ECF No. 11. Plaintiff paid the filing fee on July 14,

1

2016. Plaintiff filed motions to dismiss several of the individuals he originally named as defendants in this action and filed an Amended Complaint adding other individuals. ECF Nos. 7, 9, 13.

During the process of screening Plaintiff's Amended Complaint (ECF No. 13) the Court determined it was unable to read Plaintiff's writing in Section V – Statement of Claim and Section VI – Relief. Plaintiff was ordered to submit a legible supplement to his Amended Complaint by August 26, 2016[1] which described his statement of the claims made against defendants and his request for relief. ECF No. 16. This Order informed Plaintiff that failure to comply with the Order would subject his case to dismissal. To date, the Court has not received a supplement from Plaintiff to his Amended Complaint.

The Court then entered an Order to show cause by October 26, 2016 as to why Plaintiff failed to submit a supplement to his Amended Complaint. ECF No. 18. This Order again informed Plaintiff that failure to comply with the Order would result in the Amended Complaint becoming subject to summary dismissal for failure to obey an order of the Court.

### LEGAL STANDARD

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[1] Plaintiff contacted the Court and was granted until September 1, 2016 to submit a legible supplement to his Amended Complaint. ECF No. 17.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff failed to comply with a Court Order directing him to file a legible complaint by September 1, 2016.  Plaintiff has also not responded to the Court's Order to show cause.  Plaintiff has not communicated with the Court since September 1, 2016 and has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Amended Complaint should be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Orders, and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## CONCLUSION

For the reasons stated, I recommend Plaintiff's Amended Complaint (ECF No. 13) be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **IT IS SO ORDERED this 4th day of November 2016.**

          /s/ *J. Marschewski*
          HON. JAMES R. MARSCHEWSKI
          UNITED STATES MAGISTRATE JUDGE